**Ana Patricia ALDANA–HERNANDEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73362.

United States Court of Appeals, Ninth Circuit.

. Submitted March 29, 2004.*

Decided April 1, 2004.

Michael Hernandez, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Michele Y.F. Sarko, Attorney, Allen W. Hausman, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Ana Patricia Aldana–Hernandez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the conclusion of the immigration judge ("IJ") that Petitioner is subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction of an aggravated felony). Petitioner alleges error in the IJ's determination that she could not demonstrate the requisite likelihood of persecution or torture to justify granting withholding of removal or relief under the Convention Against Torture ("CAT"). In addition, Petitioner alleges constitutional error in the BIA's summary affirmance of the IJ's decision.

This panel has jurisdiction over the petition for review of the BIA decision pursuant to 8 U.S.C. § 1252. The denial of a petition for withholding of removal and relief under the CAT is reviewed under the "substantial evidence" standard, and may only be overturned if the evidence "was so compelling that no reasonable factfinder could fail" to reach the contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Since the underlying facts are known to the parties, they are repeated only as necessary.

An alien is entitled to withholding of removal only if she can meet the "high standard" of demonstrating that it is "more likely than not" that she will be persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion. *Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002); *see also* 8 U.S.C. § 1231(b)(3)(A). Similarly, an alien is not eligible for relief under the CAT unless she can prove "that it is more likely than not" that she would be tortured by either a governmental authority, or a private entity that the government is either unwilling or unable to control. 8 C.F.R. § 1208.16(c)(2); *see also Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir. 2003).

█ Substantial evidence supports the IJ's conclusion that petitioner failed to prove it was "more likely than not" that she would be subjected to persecution on account of her gender, or the political opinion imputed to her by virtue of her family's historical political affiliations. Petitioner described her subjective fear of "the violence [she] see[s] toward women" in Guatemala, and the possibility of her being connected to a great uncle who was allegedly murdered a quarter century earlier while the country was in the throes of a violent civil war. Without more, petitioner's fears are little more than suppositions that something might befall her upon repatriation to her native country. Petitioner thus fails to demonstrate the requisite likelihood of persecution that would compel a reasonable factfinder to conclude that she is entitled to withholding of removal.

█ Substantial evidence also supports the IJ's determination that petitioner failed to prove it was "more likely than not" that she would be tortured at the hands of a governmental authority or an entity the government refused or was unable to control. She conceded that what

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

she truly feared was general violence, rather than torture at the hands of any government agency. Petitioner therefore fails to demonstrate eligibility for relief under the CAT.

Petitioner argues that the BIA violated due process by streamlining her appeal. However, that argument has been expressly foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 335 F.3d 1009, 1014 (9th Cir.2003), *amended by* 350 F.3d 845 (9th Cir.2003).

**PETITION DENIED.**